IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| South Carolina CVS Pharmacy, L.L.C., | Case No. 2:24-cv-00525-JDA-SVH |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| SCP 2001A-CSF-75 LLC; GCC Walterboro, LLC; GCC Realty Company, LLC; Allerand Realty Holdings, LLC; ACLCP Walterboro, LLC; Richard J. Sabella; Philip Kassover, | |
| Defendants, | |
| v. | |
| Community Foundation of New Jersey; Walterboro Remainderco, LLC, | |
| Intervenor Defendants. | |

This matter is before the Court on a motion by Intervenor Defendants Community Foundation of New Jersey and Walterboro Remainderco, LLC (the "Foundation Defendants") to intervene [Doc. 58] and a motion by Defendants ACLCP Walterboro, LLC; Allerand Realty Holdings, LLC; GCC Walterboro, LLC; GCC Realty Company, LLC; SCP 2001A-CSF-75 LLC; and Richard J. Sabella (the "Allerand Defendants") for default judgment against Defendant Philip Kassover and to dismiss this interpleader action [Doc. 69]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this

matter was referred to United States Magistrate Shiva V. Hodges for pre-trial proceedings.

On June 27, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Foundation Defendants' motion to intervene be granted, the Allerand Defendants' motion for default judgment be denied, the clerk's entry of default as to Kassover be set aside, and the case be allowed to proceed on the merits. [Doc. 78.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 19.] The Allerand Defendants have filed objections to the Report, both Kassover and the Foundation Defendants have filed replies, both the Allerand Defendants and Kassover have filed notices of opinions filed in similar cases in other courts, and the Foundation Defendants have filed a reply to the Allerand Defendants' notice of opinion. [Docs. 81; 84; 85; 89; 90; 91.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

2

timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

On January 31, 2024, Plaintiff South Carolina CVS Pharmacy, LLC filed this interpleader action to resolve who among Defendants should receive its rental payments for property it leases. [Doc. 1.] Plaintiff requested a clerk's entry of default against Kassover on March 25, 2024, which the clerk entered the same day. [Docs. 39; 40.] On April 11, 2024, Kassover, proceeding pro se, filed an Answer to Plaintiff's Complaint, and about a week later he filed a letter requesting "to cure" his default. [Docs. 50; 62.] On April 16, 2024, the Foundation Defendants moved to intervene. [Doc. 58.] The Allerand Defendants filed a response in opposition to the motion to intervene, and the Foundation Defendants filed a reply. [Docs. 67; 73.] On May 2, 2024, the Allerand Defendants moved for default judgment against Kassover and further argued that if default judgment is entered against Kassover, the case should be dismissed for lack of subject matter jurisdiction. [Docs. 69; 69-1.] Kassover filed a response on June 6, 2024, arguing that there is good cause to set aside the clerk's entry of default. [Doc. 75.] The Allerand Defendants filed a reply on June 13, 2024. [Doc. 76.]

## DISCUSSION

**Motion to Intervene**

The Magistrate Judge recommends that the Foundation Defendants be allowed to intervene as of right or, in the alternative, be allowed to permissively intervene. [Doc. 78 at 9–18.] Specifically, the Magistrate Judge determined that the Foundation Defendants

3

have not raised an issue unrelated to the matter at hand and have satisfied the necessary criteria for mandatory intervention. [*Id*. at 17.] Alternatively, the Magistrate Judge concluded that the relevant factors weigh in favor of, at least, permissive intervention. [*Id*. at 18.]

In their objections, the Allerand Defendants argue that an order from this Court directing Plaintiff to pay rent to the Allerand Defendants would not deprive the Foundation Defendants of their ability to seek redress in the Delaware Chancery Court and to seek to undo the merger that the Allerand Defendants effectuated in January 2024. [Doc. 81 at 5.] The Court overrules this objection. As the Magistrate Judge noted, Rule 24(a) of the Federal Rules of Civil Procedure provides that a federal court must permit intervention when, on a "timely request—a factor undisputed here—a proposed intervenor can demonstrate (1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." [Doc. 78 at 9–10 (footnote and internal quotation marks omitted).] Further, "a court may still allow an applicant to intervene permissively under Rule 24(b), although in that case the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." [*Id*. at 10–11 (internal quotation marks omitted).] The Magistrate Judge concluded that a denial of the Foundation Defendants' motion "would impair their ability to protect their interest in [SCP 2001A-CSF-75 LLC] and the proceeds from the Real Property because absent their presence in this lawsuit, the Court's final order will direct payment of funds to a party which has no legal claim to the funds." [Doc. 78 at 16 (internal quotation marks omitted).] The Allerand Defendants' argument that the

Foundation Defendants could seek redress in the Delaware Chancery Court does not negate the conclusion that the Foundation Defendants have an interest to protect that could be impaired by the outcome of this action and is not adequately represented by the existing parties. Moreover, the Allerand Defendants did not object to the Magistrate Judge's alternative recommendation regarding permissive intervention. Accordingly, the Court grants the Foundation Defendants' motion to intervene.

**Motion for Default Judgment**

The Magistrate Judge recommends setting aside the clerk's entry of default for good cause in accordance with Rule 55(c) of the Federal Rules of Civil Procedure because Kassover has a potentially meritorious defense, he acted with reasonable promptness to cure the default, the Allerand Defendants would not be prejudiced by setting aside the default, and there is no indication of a history of dilatory action. [Doc. 78 at 5–9 (analyzing the factors in *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006)[1]).] Accordingly, the Magistrate Judge recommends that the motion for default judgment be denied and the case be allowed to proceed on the merits, particularly given the Fourth Circuit's policy of favoring adjudication of claims on their merits. [*Id*. at 9.]

In their first objection to the Report, the Allerand Defendants argue that the Magistrate Judge's determination that Kassover has presented a potentially meritorious defense "is conclusory and glosses over the defects in Kassover's assertions," does not

---

[1] As the Magistrate Judge noted, "[w]hen deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–05.

recognize that Kassover's appointment as "attorney-in-fact" by the New York state court is for a limited purpose, or that, to the extent Kassover has any continuing rights, his recourse is with the New York Sheriff. [Doc. 81 at 1–3.] The Court overrules this objection. Establishing a meritorious defense requires only "a presentation or proffer of evidence, which, if believed, would permit either the [c]ourt or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (alterations in original) (internal quotation marks omitted). Upon review of Kassover's Answer, response in opposition to the motion for default judgment, and reply to the Allerand Defendants' objections to the Report, the Court concludes that the Magistrate Judge properly determined that Kassover has met the minimal burden of presenting a meritorious defense. Although the Allerand Defendants' objections may raise a factual dispute, "disputed factual questions should be resolved in the defaulting party's favor." *Am. Gen. Life Ins. Co. v. Ruiz*, 480 F. Supp. 3d 702, 708 (E.D.N.C. 2020) (internal quotation marks omitted).

In their second objection, the Allerand Defendants argue that the Magistrate Judge gave too little weight to Kassover's personal responsibility for the default. [Doc. 81 at 3–5.] The Court overrules this objection as well. The Magistrate Judge specifically noted that Kassover "is personally responsible for the default." [Doc. 78 at 8.] Nonetheless, in weighing the *Payne* factors, the Magistrate Judge concluded that the other factors outweighed Kassover's personal responsibility. [*Id.* at 5–9 (concluding that Kassover has

a meritorious defense, he acted with reasonable promptness, the Allerand Defendants would not be prejudiced by setting aside the default, and there is no indication of a history of dilatory action).]

Particularly given the Fourth Circuit's "long-held view that Rule 55(c) motions must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 (4th Cir. 2010) (internal quotation marks omitted), the Court overrules the Allerand Defendants' objections related to the motion for default judgment.

## **CONCLUSION**

For the reasons discussed, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Thus, the Foundation Defendants' motion to intervene [Doc. 58] is GRANTED, the Allerand Defendants' motion for default judgment against Defendant Philip Kassover and to dismiss this interpleader action[2] [Doc. 69] is DENIED, and the entry of default as to Kassover is set aside. The Foundation Defendants are directed to file their answer and crossclaim by February 28, 2025.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

February 18, 2025
Charleston, South Carolina

---

[2] As stated, the Allerand Defendants argued that if default judgment is entered against Kassover, the case should be dismissed for lack of subject matter jurisdiction. [Docs. 69 at 2; 69-1 at 10.] Because the Court declines to grant default judgment against Kassover, the case is not subject to dismissal.

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.