IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| South Carolina CVS Pharmacy, L.L.C., | Case No. 2:24-cv-00525-JDA-SVH |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| SCP 2001A-CSF-75 LLC; GCC Walterboro, LLC; GCC Realty Company, LLC; Allerand Realty Holdings, LLC; ACLCP Walterboro, LLC; Richard J. Sabella; Philip Kassover, | |
| Defendants, | |
| and | |
| Community Foundation of New Jersey; Walterboro Remainderco, LLC, | |
| Intervenor Defendants/Cross Claimants. | |

This matter is before the Court on a motion by Defendants SCP 2001A-CSF-75, LLC ("SCP"); GCC Realty Company, LLC; GCC Walterboro, LLC ("GCC Walterboro"); Allerand Realty Holdings, LLC; ACLCP Walterboro, LLC ("ACLCP"); and Richard Sabella ("Sabella") (collectively, the "Sabella Defendants") to dismiss the Crossclaim of Intervenor Defendants Walterboro Remainderco, LLC ("Remainderco") and Community Foundation of New Jersey (the "Foundation") (collectively, the "Intervenors") for failure to state a claim upon which relief can be granted (the "Motion to Dismiss"). [Doc. 106.] In accordance

with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On June 9, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Motion to Dismiss be denied. [Doc. 132.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 11.] The Sabella Defendants filed objections to the Report on June 23, 2025, and on July 7, 2025, the Intervenors filed a reply. [Docs. 136; 143.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

On January 31, 2024, Plaintiff South Carolina CVS Pharmacy, LLC filed this interpleader action to resolve who among Defendants should receive its rental payments

for a property that it leases (the "Property").  [Doc. 1.]  On April 5, 2024, the Court granted Plaintiff's motion for interpleader deposit, deeming Plaintiff dismissed from this action, and directing that the case remain open concerning the dispute between Defendants.  [Doc. 46.]

On February 18, 2025, the Court granted the Intervenors' motion to intervene.  [Doc. 93; *see* Doc. 78.]  Ten days later, the Intervenors filed an Answer and Crossclaim.  [Doc. 95.]  The Sabella Defendants filed the Motion to Dismiss on April 11, 2025.  [Doc. 106.]  On May 9, 2025, the Intervenors filed a response opposing the motion, and on May 23, 2025, the Sabella Defendants filed a reply.  [Docs. 122; 128.]

**The Crossclaim Allegations**[1]

SCP owned the Property and leased it to another company.  [Doc. 95 ¶ 6; *see* Doc. 1 ¶ 11.]  That company transferred its interest in the lease to Plaintiff beginning in January 2011.  [Doc. 95 ¶ 6; *see* Doc. 1 ¶ 12.]  In March 2003, GCC Walterboro acquired 100% of the membership interest of SCP.  [Doc. 95 ¶ 27.]  The following month, GCC Walterboro assigned to Remainderco a remainder interest in SCP pursuant to an Assignment of Membership Interest in Delaware Limited Liability Company Subject to Reservation of an Estate for Years (the "Assignment").  [*Id.* ¶¶ 30–32.]  Under the Assignment, GCC Walterboro reserved a "TOYS Estate"[2] with respect to SCP, which allowed GCC Walterboro to retain ownership and control of SCP's membership interest

---

[1] As noted by the Magistrate Judge [Doc. 132 at 6], for purposes of a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded allegations, *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Accordingly, many of the facts included in this Background section are taken directly from the Intervenors' Crossclaim.  [Doc. 95.]

[2] TOYS means "term of years."  [Doc. 95 ¶ 30.]

3

with Remainderco holding a remainder estate in SCP's membership interest.  [*Id.* ¶¶ 32, 35.]  The Intervenors allege that in July 2003, "the reasonable value of a remainder interest in the Property subject to an estate for a term of years with the same restrictions, terms, and conditions as the TOYS Estate was in excess of $1.6 Million."  [*Id.* ¶ 39.]

The Sabella Defendants have alleged in this case that in January 2024, SCP merged into ACLCP, which extinguished Remainderco's remainder interest in the Property.  [*Id.* ¶¶ 55–56.]  The alleged articles of merger (the "Merger Agreement") were signed by Sabella.  [*Id.* ¶ 59.]  However, the Intervenors allege that Sabella (1) never notified the Intervenors "regarding any attempted dissolution, merger, transfer, or the alleged evaporation of Remainderco's vested interest," or the instant litigation, and (2) lacked authority to sign articles or merger on SCP's behalf or to file articles of merger for SCP.  [Doc. 95 ¶¶ 49–51, 54, 57, 60–74.]  Therefore, the Intervenors allege that "[t]he purported merger of SCP into [ACLCP] is void *ab initio* because the actions were taken without authority, were *ultra vires*, were unlawful, were not taken in good faith and for other reasons set forth herein."  [*Id.* ¶ 74.]

**Remainderco's Status**[3]

Remainderco's Certificate of Formation was cancelled in 2006 by the Delaware Secretary of State's Division of Corporations due to the Foundation's failure to appoint a new registered agent for Remainderco after its prior registered agent filed a Certificate of

---

[3] The Court notes that the Sabella Defendants have filed public records from the Delaware Secretary of State.  [Doc. 106-1.]  The Court takes judicial notice of such documents for the purpose of ruling on the Sabella Defendants' Rule 12(b)(6) motion.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Philips v. Pitt Cnty Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Resignation on September 15, 2006.  [Doc. 106-1 at 2.]  Remainderco designated a new registered agent on April 17, 2024, upon filing its Certificate of Revival.  [*Id.* at 3.]

**The Report**

The Report's central analysis for its recommendation to deny the Motion to Dismiss is as follows:

> Sabella Defendants' entire motion to dismiss hinges on their assertion that "[t]he Merger Agreement disposed of Remainderco's interests three months before Remainderco's revival."  However, *Sabella Defendants fail to address Intervenors' allegations that the Merger Agreement did not dispose of Remainderco's interests because the alleged agreement was formed without authority, is unlawful, and was not completed in good faith.*
>
> Intervenors additionally argue that the Delaware statutes on which the Sabella Defendants rely . . . should not be read to "compel forfeitures or mischievous or absurd results" urged by the Sabella Defendants that "the 'disposed of' exception to the broad and retroactive statute is 'plain and unambiguous' and has no[] limitation; it applies to any property or interest transferred, by anyone, in good faith or not, during the period in which the company is dissolved."
>
> The court need not reach this secondary argument.  *At the core, the parties dispute whether the Merger Agreement was valid, or not, and disposed of Remainderco's interests, or did not.  Sabella Defendants' briefing does not address this central issue*, and these defendants offer no argument or case law, nor could they, instructing this court to ignore Intervenors' well-pleaded allegations.
>
> At this stage in the proceedings, the court accepts as true the Intervenors' well-pleaded allegations, viewing them in the light most favorable to them, that the Merger Agreement was not valid and therefore did not dispose of Remainderco's interests.  Accordingly, the undersigned recommends the district judge deny Sabella Defendants' motion to dismiss.

[Doc. 132 at 8–9 (emphasis added) (internal citations omitted).]

**DISCUSSION**

In their objections to the Report, the Sabella Defendants argue that the Magistrate Judge erred in concluding that dismissal was not warranted based on the legal insufficiency of the Intervenors' allegations that the Merger Agreement was invalid. [Doc. 136 at 2–3.] The Court overrules the objection.

Consistent with the Magistrate Judge's analysis, the Sabella Defendants' initial memorandum in support of the Motion to Dismiss did not even acknowledge the Intervenors' allegations in their Crossclaim that Sabella lacked authority to sign the articles of merger on behalf of SCP and that the merger was without legal effect. [*See generally* Doc. 106.] In their response opposing the Motion to Dismiss, the Intervenors set out the allegations in the Crossclaim that they contend support their position that the merger was without effect. [Doc. 122 at 3–9, 11–13.] Still, in reply, the Sabella Defendants failed to engage the vast majority of the Intervenors' allegations and argument. [*See* Doc. 128 at 2–3.]

With the Sabella Defendants not having presented any substantial legal argument addressing a central allegation in the Intervenors' Crossclaim, the Magistrate Judge was not required to do their work for them. *See In re Crop Prot. Prods. Loyalty Prog. Antitrust Litig.*, 779 F. Supp. 3d 624, 657 (M.D.N.C. 2025) ("[I]t is the defendant's burden on a Rule 12(b)(6) motion to marshal the relevant legal authorities to persuade the court that the plaintiff has failed to state a claim."); Charles Alan Wright & Arthur R. Miller, 5A Federal Practice and Procedure § 1357 (4th ed.) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists."); *Clayton v. Nationwide Mut.*

6

*Ins.*, 260 F. Supp. 3d 514, 521 (D.S.C. 2017) ("As a general rule, parties may not outsource their legal research to the court or otherwise foist upon it the necessary legwork to flesh out a legal claim or defense . . . ."). Neither is the undersigned. And because the Court agrees with the Magistrate Judge that the Sabella Defendants' "secondary argument" also depends on the premise that the Intervenors failed to adequately plead that the Merger Agreement was invalid, the Court overrules the Sabella Defendants' objection concerning the secondary argument as well. [Docs. 132 at 9; 136 at 3–5.] Accordingly, the Motion to Dismiss is denied.[4]

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge as modified and incorporates it by reference to the extent consistent with this Order. Accordingly, the Sabella Defendants' motion to dismiss the Intervenors' Crossclaim [Doc. 106] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 4, 2026
Greenville, South Carolina

---

[4] The denial of the Motion to Dismiss is without prejudice to the Sabella Defendants' right to present these issues—and support them with adequate arguments—at a later stage of this case.