IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| South Carolina CVS Pharmacy, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>SCP 2001A-CSF-75, LLC; GCC Walterboro, LLC; GCC Realty Company, LLC; Allerand Realty Holdings, LLC; ACLCP Walterboro, LLC; Richard J. Sabella; Philip Kassover,<br><br>Defendants,<br><br>and<br><br>Community Foundation of New Jersey; Walterboro Remainderco, LLC,<br><br>Intervenor Defendants/Cross Claimants. | Case No. 2:24-cv-00525-JDA-SVH<br><br>**OPINION AND ORDER** |

This matter is before the Court on a motion to stay and to suspend the scheduling order filed by Intervenor Defendants Walterboro Remainderco, LLC ("Remainderco") and Community Foundation of New Jersey (collectively, the "Intervenors"). [Doc. 151.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings.

On January 22, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the motion to stay be granted.[1] [Doc. 198.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 15.] Defendant Philip Kassover ("Kassover") filed objections to the Report, and the Intervenors filed a reply. [Docs. 203; 204.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

[1] The Report was filed by United States Magistrate Judge Shiva V. Hodges. [Doc. 198.] The case has since been reassigned to United States Magistrate Judge Thomas E. Rogers, III. [Doc. 225.]

**DISCUSSION**

On January 31, 2024, Plaintiff South Carolina CVS Pharmacy, LLC filed this interpleader action against Kassover and Defendants SCP 2001A-CSF-75, LLC ("SCP"); GCC Realty Company, LLC; GCC Walterboro, LLC ("GCC Walterboro"); Allerand Realty Holdings, LLC; ACLCP Walterboro, LLC ("ACLCP"); and Richard Sabella ("Sabella") (collectively, the "Sabella Defendants") to resolve who among Defendants should receive its rental payments for a property that it leases (the "Property"). [Doc. 1.] On April 5, 2024, the Court granted Plaintiff's motion for interpleader deposit, deeming Plaintiff dismissed from this action, and directing that the case remain open concerning the dispute between Defendants. [Doc. 46.]

On February 18, 2025, the Court granted the Intervenors' motion to intervene. [Doc. 93; *see* Doc. 78.] Ten days later, the Intervenors filed an Answer and Crossclaim. [Doc. 95.]

As the Magistrate Judge explained, three sets of entities claim ownership over the rental income at issue in this case.

> First, [the] Sabella Defendants argue that "[f]or years, CVS paid rent directly to ACLCP's lender" and [ACLCP] continues to be entitled to the rental income. Second, Kassover has argued for years and in various venues that Sabella acquired membership interest in certain entities, including the entities relevant to this dispute, in violation of previously issued court orders.
>
> Third, [the] Intervenors claim that any interest [the] Sabella Defendants can claim in the relevant entities entitled to the rental income terminated on May 9, 2024, when [the] Intervenors received 100% interest in the relevant entity and became entitled to the rental income, and any alleged merger agreement signed by Sabella, terminating [the] Intervenors' interest, is "void *ab initio* because the actions were taken

> without authority, were *ultra vires*, were unlawful, [and] were not taken in good faith . . . ."

[Doc. 198 at 3–4 (some alterations in original) (citations and footnote omitted).]

The Intervenors now seek to stay this case based on "a parallel action . . . pending in Delaware that involves many of the same parties and the same factual and legal issues, including a novel issue governed by Delaware law."[2] [Doc. 151 at 2.] The Magistrate Judge recommends granting the motion to stay, having concluded that all relevant factors weigh in favor of a stay. [Doc. 198 at 9–13 (addressing the interests of judicial economy, hardship and inequity to the moving party in the absence of a stay, and prejudice to the non-moving party).]

In his objections to the Report, Kassover argues that this Court has jurisdiction to resolve issues of Delaware law, that judicial economy would best be served if this Court decided the issues, and that a stay would be prejudicial to Kassover because he is not a party to the Delaware action.[3] [*See generally* Doc. 203.] However, having conducted a de novo review of the Report, the record, and the applicable law, the Court agrees with the Magistrate Judge's analysis and conclusion that the relevant factors weigh in favor of granting the Intevenors' motion to stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254

---

[2] The Intervenors "have filed a Delaware action for the Delaware Court of Chancery to decide the issue of fact and law related to control of [SCP] on an expedited basis, including the validity of [a] purported merger and [a] novel issue of law the Sabella Defendants raise based on [Delaware's] revival statute." [Doc. 151 at 8.] Remainderco, SCP, GCC Walterboro, ACLCP, and Sabella are parties to the Delaware action. [*Id.*]

[3] Kassover also asks this Court to consolidate five separate actions filed in various United States District Courts, including two in this Court. [Doc. 203 at 5–6.] However, Kassover has not filed a motion to consolidate, nor has he directed the Court to any legal authority permitting this Court to consolidate the actions. [*See id.*]

(1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Michelin Ret. Plan v. Dilworth Paxson, LLP*, No. 6:16-3604-HMH-JDA, 2017 WL 2531845, at *4 (D.S.C. June 12, 2017) ("In considering whether to grant a motion to stay, the court should consider: (1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." (internal quotation marks omitted)).

Based on the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the Intervenors' motion to stay and to suspend the scheduling order [Doc. 151] is GRANTED. The Intervenors shall file a status report by December 1, 2026, regarding the status of the Delaware action.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

September 2, 2026
Greenville, South Carolina